**TORO MANUFACTURING CORPORA-TION, Plaintiff-Appellee,**

v.

**JACOBSEN MANUFACTURING COM-PANY, Defendant-Appellant.**

No. 15309.

United States Court of Appeals
Seventh Circuit.

Feb. 25, 1966.

As Corrected March 4, 1966.

Rehearing Denied April 7, 1966.

James E. Nilles, Milwaukee, Wis., for appellant.

George F. Williamson, Minneapolis, Minn., Gerrit D. Foster, Milwaukee, Wis., for appellee.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

Jacobsen Manufacturing Company, defendant-appellant, prosecutes this appeal from the judgment order of the District

Court entered against it in an action [1] brought by Toro Manufacturing Corporation, plaintiff-appellee, charging Jacobsen with infringement of Claims 1 through 4 and 8 through 12 of Toro's Horner et al. U.S. Patent No. 2,973,614.[2] The District Court held the claims in suit valid and infringed by both of Jacobsen's accused devices. The court's opinion, findings of fact and conclusions of law are reported as Toro Manufacturing Corp. v. Jacobsen Manufacturing Co., (D.C., E.D.Wis.) 240 F.Supp. 507.

The patent in suit, entitled "Rotary Power Mower and Catcher" relates to a combination consisting of a bagging attachment, i. e., an elongated bag and associated conduit, and a rotary power lawn mower, the cowling or housing of which has a lateral discharge opening, through which opening and the hollow conduit registering therewith the grass clippings or cuttings are discharged into and collected in the bag for convenient disposal. The structural elements of the claims in suit are set forth in the District Court's opinion (240 F.Supp. 507, 508–509) and therefore are not repeated here.

Jacobsen's defense to the alleged infringement of the '614 patent included assertions of invalidity of the claims in suit based on anticipation under 35 U.S. C.A. § 102, and invalidity for lack of novelty and obviousness under 35 U.S. C.A. § 103. The court on the basis of its review of the cited prior art patents [3] and consideration of the evidence concerning the bagging attachment structures displayed and offered for sale by E. P. Campbell for use with laterally discharging rotary power mowers, together with the testimony pertaining to such prior art given by expert witnesses called and examined on behalf of each of the parties, and the demonstration of physical exhibits, found and concluded that the claims in issue were not anticipated—their subject matter not finding "complete response in the prior art". The court further found (240 F.Supp. p. 519):

"7. The prior art consisting of the Mitchell, Titzer, Swartz and Grosso patents and the Campbell structures, considered together, does not disclose or suggest the novel combination of elements cooperating to accomplish the useful and efficient operation of the subject matter of the patent in suit."

and concluded that the subject matter of the claims "was novel and unobvious over the prior art under § 103 of Title 35 U.S.C.A.".

The rationale of such finding and conclusion is set forth in the court's opinion (240 F.Supp. 507, 511) as follows:

"The prior art cited on the issue of obviousness of the subject matter of Patent 614 shows that various individual elements of the disclosure are old in the art and on occasion have been used in combination. None of the references disclose or directly suggest the combination of all of the essential elements performing the function set forth in the patent and demonstrated on the trial by a machine exemplifying the patent disclosure."

In our opinion it is apparent from the above quoted finding, conclusion, and portion of the court's opinion, together with its analysis of the cited prior art, that the court applied incorrect legal criteria in its resolution of the issue of obviousness. The court equated the test for "obviousness" with that employed to determine "anticipation". In so doing the court applied an improper

---

1. A consolidated action (No. 63–C–109) was dismissed by the same judgment order.

2. Referred to herein as the "'614" patent.

3. Mitchell Patent No. 2,779,146 and Titzer Patent No. 2,675,661, together with the literature and activities relating to a bagging device of E. P. Campbell, are relied upon by Jacobsen as anticipatory prior art. Such patents and the structures of Campbell, together with Grosso Patent No. 2,539,779 and Swartz Patent No. 1,-939,579, are relied upon as disclosing lack of novelty and obviousness of the claims in suit.

standard of invention and Rule 52(a) of the Federal Rules of Civil Procedure (28 U.S.C.A.) does not inhibit our review of the resulting determination. Johnson & Johnson v. The Kendall Company, 7 Cir., 327 F.2d 391, 395; Armour & Co. v. Wilson & Co., 7 Cir., 274 F.2d 143, 151–157.

 In Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 151, 71 S.Ct. 127, 129, 95 L.Ed. 162, it is cautioned that "[t]he concept of invention is inherently elusive when applied to combination of old elements" and it is observed that:

"'The mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention.'"

And, in Akron Brass Company v. Elkhart Brass Manufacturing Co., Inc., 7 Cir., 353 F.2d 704, 706, this Court recently had occasion to point out that:

"[O]bviousness does not require that the combination of prior art references precisely duplicate the patented article. It is sufficient that the subject matter of the patented article taken 'as a whole' has been disclosed by the prior art."

and that:

"The aggregation of old parts or elements into a new combination does not constitute invention, regardless of the added convenience or utility of the result achieved. More than the 'skill of the calling' is required. Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 91, 62 S.Ct. 37, 86 L.Ed. 58 (1941)."

It is undisputed that rotary power lawn mowers, the cowlings or housings of which had lateral openings for the discharge of grass cuttings,[4] were old in the art. And, the record discloses, as the District Court recognizes in its opinion, that Campbell antedated Toro's structure and patent with a bagging attachment for rotary power mowers in which the grass collecting bag extended laterally from the discharge opening in the side of the mower housing—the bag being mounted at right angles to the direction of travel of the mower—and substantially exemplifying what the '614 patent characterized as "present bagging means". The objection to Campbell was its lack of maneuverability due to the position of the bag. The improvement of the '614 patent disclosures over the Campbell structures was the curing of the maneuverability defect by addition of the element of the conduit and the positioning of the bag as shown in the patent. In this connection the District Court aptly observes (240 F.Supp. p. 511):

"The claimed novelty of Patent 614 lies in the provision of structure operative to effect the efficient discharge of grass clippings from a rotary mower having a side discharge, and the collection of the clippings in a bag positioned parallel to the mower and rearward thereof to minimize interference with the operation of the mower.

* * * * * *

The conduit deflects and orients the stream of air and clippings into the collecting bag which is positioned parallel to the handle. It is the element of the conduit of a conformation to permit turning and direction of the clippings that overcomes the objection to the prior art of grass collection from a laterally discharging rotary mower having collecting means extending laterally and substantially at right angles to the mower."

A collecting bag was a device old in the art. In addition to its disclosure by Campbell, the Grosso patent disclosed such a bag positioned to the rear of and parallel to the handle of a rotary power mower which also incorporated and utilized the suction principle of the vacuum cleaner. And, in the related vacuum

---

4. Including those with a cowling shaped as defined in Claims 3 and 4 of the '614 patent.

cleaner art, Swartz's patent disclosed the use of a collecting bag mounted and positioned to extend back parallel to the handle of a vacuum cleaner and at its forward end connected by an elbow to the side outlet of the fan housing of the cleaner.

Both the Mitchell and Titzer patents disclosed conduits extending from the lateral discharge opening in the housing of rotary power mowers to turn and direct the flow of the cuttings discharged therefrom. Mitchell illustrated a bag positioned on the top of the mower housing to receive the clippings discharged from the conduit. Titzer's drawings did not show a bag, but the specifications suggested the use of a bag to collect the comminuted particles discharged from the conduit. Moreover, apart from any prior art showing of a conduit between the discharge opening of a mower housing and its collecting bag, we are of the opinion that it would have been obvious to anyone skilled in the art that an elbowed conduit is a device commonly used to change the direction of flow of materials being moved. And, in the face of the comparatively recent and publicized Campbell disclosure this was the only function needed to enable a more convenient and utilitarian positioning of the bag.

 From the factual findings of the District Court, and consistent with its legal conclusions other than the one drawn as the result of the application of an incorrect legal standard in the resolution of the issue concerning the existence of the "non-obviousness" made requisite by 35 U.S.C.A. § 103, we conclude that the court erred in its holding that the claims in suit are valid. We are of the view that the improvement made by the '614 patent over prior art was obvious. To position the collecting bag parallel to the direction of travel of the mower and also connect it with the lateral discharge opening in the mower housing was but a matter of mechanical skill calling for the use of a commonly employed device—an elbowed conduit.

The known elements employed in the patent took on no new quality or function from being brought into concert, and the improvement over prior art resulting from their unification is wanting in any unusual or surprising consequences. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., supra, 340 U.S. p. 152, 71 S.Ct. 127. The District Court failed to scrutinize the claims in the light of this rather severe test.

■ Inasmuch as we conclude that the claims in suit are invalid for lack of patentable invention we do not reach the question of infringement. There can be no infringement of an invalid patent. Enterprise Railway Equipment Co. v. Keystone Railway Equipment Co., 7 Cir., 267 F.2d 102; Simmons Company v. Hill-Rom Company, 7 Cir., 352 F.2d 886.

Except insofar as it dismisses the consolidated action (No. 63–C–109), the judgment order of the District Court is reversed.

Reversed.