Samuel M. PAMBELLO, Plaintiff-Appellant (Appellee in No. 15911),

v.

HAMILTON COSCO, INC., Defendant-Appellee (Appellant in No. 15911).

Nos. 15910, 15911.

United States Court of Appeals Seventh Circuit.

May 10, 1967.

Bernard Gerb, New York, N. Y., Norman Lettvin, Chicago, Ill., Bair, Freeman & Molinare, Chicago, Ill., for plaintiff-appellant cross-appellee. Stewart J. Fried, Ostrolenk, Faber, Gerb & Soffen, New York City, of counsel.

Verne A. Trask, Jack W. Hanley, Indianapolis, Ind., Trask, Jenkins & Hanley, Indianapolis, Ind., for defendant-appellee cross-appellant.

Before CASTLE, KILEY and CUMMINGS, Circuit Judges.

CASTLE, Circuit Judge.

Samuel M. Pambello, plaintiff, the owner of Pambello U. S. Patent No. 3,054,637, instituted this action in the District Court against Hamilton Cosco, Inc., defendant, charging infringement of the patent. The defendant denied infringement, asserted that the patent is invalid, and counter-claimed for a declaratory judgment to that effect. By pre-trial stipulation the issues of validity and infringement were limited to claims 6, 7 and 8 of the patent. The District Court, following trial of the issues, filed a memorandum opinion incorporating its findings of fact and conclusions of law on the basis of which it held the patent valid "as herein limited" and that the defendant's accused device does not infringe the claims in suit and adjudicated that plaintiff take nothing by his complaint, and that defendant take nothing on its counterclaim. Plaintiff appealed (No. 15910) from so much of the judgment as adjudicates that claims 6, 7 and 8 are not infringed by the defendant. Defendant appealed (No. 15911) from so much of the judgment as adjudicates claims 6, 7 and 8 to be valid and denies

defendant the declaratory relief sought by its counterclaim.

The patent in suit relates to a portable, convertible chair-cradle for an infant or small child. The device of the claims in suit consists basically of channel-shaped seat and back members pivotally hinged together at their adjacent ends and an adjustment means cooperating with the members for fixing and holding them in substantially a common plane, in a closely confronting folded relationship, or in any desired intermediate position. The device, thus, can be utilized to support an infant in either seated or lying position.

The claims in suit describe the adjustment means in similar phraseology. In this respect claim 8 recites:

"said adjustment means including registry means cooperatively engaging aperture means at regions of said first and second members displaced from their pivotal engagement; one of said cooperatively engaged means carried by said first and second members; the registry means and cooperating apertures of one of said members angularly separated from the registry means and cooperating apertures of the other of said members; said angular separation corresponding to the angular separation of said first and second members; means maintaining said angular separation whereby the desired one of said first, second or intermediate positions is maintained; the channel portion of said first and second members including integrally formed side flanges, each angularly extending from the pivotally engaged ends to a maximum height intermediate the length of its respective member, and then tapering towards a lesser height at the opposite end of its respective member."

Claim 6 omits the limitation concerning the tapered configuration of the side flanges of the seat and back members. Claim 7 also omits that limitation but contains a limitation that the means maintaining angular separation have:

"provision for adjustment of said angular separation to another of said first, second or intermediate positions."

The District Court found that most of the elements in the combination are obviously old in the art, and that the tapered shape of the side supports of the seat and back members is merely a choice of design, and not invention. The court's finding of validity over prior art appears to be predicated on what the court characterizes as a "narrow difference" between the prior art disclosures and the specific structure of the adjustment means illustrated and described in the drawings and specification of the patent as representative of one embodiment of the claimed invention. In this connection the court found that such structure—rotatable, splined hubs furnished with tabs on arms, thumb screws, and slots in the seat and back members into which the tabs are slidably receivable and are releasably and removably engaged—unlike the prior art, utilized no attachment of the adjustment means to the seat or back members other than that enforced by the thumb screws, and thus permitted ease in assembly and disassembly as well as possible advantage in manufacture. And, although the court found that claims 6, 7 and 8 use a "mass of vague, repetitive, and ambiguous verbiage", it nevertheless concluded that "as herein limited" the claims in suit are valid.

The terms "registry means" and "aperture means" which appear in the claims in issue have no antecedents in the specification or in the five claims which are not in suit. The claims in issue were added by amendment made after the defendant's accused commercial device had been marketed and the plaintiff acquired one. Not only does the language of the added claims appear to be vague and ambiguous on its face, but there is expert testimony which supports the court's finding in this respect. Defendant's expert testified that the claims' requirement for engagement of the registry means and aperture means "at re-

gions of said first and second members displaced from their pivotal engagement" was susceptible to at least two different interpretations and that he did not know which interpretation was intended and that he was "completely confused" as to the meaning of the requirement in the claims that "one of said cooperatively engaged means carried by said first and second members". Moreover, the record indicates the existence of a difference between plaintiff's counsel and plaintiff's expert witness with respect to the meaning of "folded relationship" as that term is used in the claims in describing one of the positions of the seat and back members. Likewise, the record discloses that plaintiff's attempts to relate "aperture means" to the accused structure have been inconsistent. And it is not without significance that plaintiff's expert in expressing his conclusions that the Pambello patent read on the accused device resorted to what he described as "simpler expressions for claim elements" rather than the language of the claims in suit.

■ We perceive no basis for rejecting as clearly erroneous the finding of the District Court that the claims in suit are vague and ambiguous. And that finding dictates and compels a conclusion that the claims are invalid. 35 U.S.C.A. § 112. Section 112 requires, as a prerequisite to validity, that patent claims particularly point out and distinctly claim the subject matter which the applicant regards as his invention. Ambiguous, indefinite and vague patent claims are void. The requirement of clarity is peculiarly applicable to claims embracing combinations of old elements. Halliburton Oil Well Cementing Co. v.

Walker, 329 U.S. 1, 10–11, 67 S.Ct. 6, 91 L.Ed. 3. It is evident on the basis of the District Court's finding, for which there is ample support in the record, that the claims in issue fail in this respect. We therefore conclude that the District Court erred in holding the claims in suit valid.

■ Invalid claims cannot be infringed. Toro Manufacturing Corporation v. Jacobsen Manufacturing Company, 7 Cir., 357 F.2d 901, 904; Simmons v. Hill-Rom Company, 7 Cir., 352 F.2d 886; Enterprise Railway Equipment Co. v. Keystone Railway Equipment Co., 7 Cir., 267 F.2d 102. Consequently, it would serve no purpose to discuss the respective contentions of the parties with respect to the District Court's resolution of the issue of infringement. Suffice it to observe that assuming validity of the claims in suit we are, nevertheless, completely satisfied that the District Court's findings and conclusions on the issue of infringement are free of error. We agree with the District Court that on the basis of the record the accused device [1] "is so different in all of its parts, save only in the design of its back and seat sections [a non-patentable feature in view of prior art], that the accusation of infringement approaches the ludicrous".

The judgment of the District Court insofar as it adjudicates claims 6, 7 and 8 of Pambello U. S. Patent No. 3,054,-637 to be valid is reversed and the cause is remanded to the District Court with directions to modify the judgment accordingly by awarding judgment for the defendant on its counterclaim, except for attorneys' fees.

[1]. Unlike the structure of the Pambello patent, the accused device supports the hinged back and seat sections on a base, and the base itself provides the adjustment means by which the seat and back may be held in one of only three available positions of relative adjustment. The base is formed of metal tubing, one section of which telescopes into the other to lengthen or shorten the frame. The seat is supported by a rod mounted across the front base-section, and the back by a rod mounted across the back base section. Adjustment of the angle between the seat and back is effected by rectilinear movement of one base section relative to the other, thereby varying the linear distance between the rods which support the seat and back. The selected position is secured by a latch received in one of three slots.

In view of the disposition we have made of the appeals herein, the plaintiff, Samuel M. Pambello, is allowed no costs on appeal. The defendant, Hamilton Cosco, Inc., is allowed costs on appeal in each of the appeals.

*Reversed in part and remanded with directions to modify judgment.*